# IN THE COURT OF APPEALS OF IOWA

No. 19-1363
Filed February 17, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUAN E. ROSALES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


        A defendant appeals his convictions for theft in the second degree and

eluding while participating in a felony.  **AFFIRMED.**


        Nate Nieman, Rock Island, Illinois, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., Ahlers, J., and Blane, S.J.*

        *Senior judge assigned by order under Iowa Code section 602.9206 (2021).

**TABOR, Presiding Judge.**

Davenport police spotted Juan Rosales driving a white Toyota Camry that the owner had reported stolen in Moline, Illinois, one week earlier. Officers recognized Rosales from previous encounters because of his "distinguishable haircut" and "overgrown beard." Based on the stolen vehicle report, several officers pursued. When Rosales pulled into a driveway, officers tried to block his retreat. But snowy roads hindered their efforts. Rosales drove through yards, narrowly missed a tree, and led officers on a high-speed chase. Officers directed him to stop the vehicle, but he failed to do so.

Police arrested Rosales a few weeks later. The State charged him with theft in the second degree, a class "D" felony, in violation of Iowa Code sections 714.1 and 714.2(2) (2019), and eluding while participating in a felony, a class "D" felony under section 321.279(3).

At the jury trial, the State presented testimony from the Camry's owner and several officers involved in the car chase. After the State's case-in-chief, Rosales moved for judgment of acquittal, asserting the State failed to offer "enough credible, believable and competent evidence" to support either charge. The district court denied the motion. Based on the State's evidence, the jury found Rosales guilty on both counts.[1] Rosales now challenges the sufficiency of the evidence supporting the jury's verdicts.[2]

---

[1] The defense presented no evidence.

[2] Before this prosecution, Rosales resolved two other criminal cases by plea agreement (FECR399519 and FECR399064). In October 2019, the supreme court consolidated all three cases before transferring the appeal to this court. But Rosales challenges only the verdicts in this case (FECR399299).

In this appeal, Rosales argues the State's evidence was insufficient to establish two elements. On the second-degree theft count, he claims the State failed to prove beyond a reasonable doubt "the value of the stolen vehicle," as defined in Iowa Code section 714.2(2). On the felony eluding count, he contends the State did not prove "that [he] exceeded the speed limit by twenty-five miles per hour or more" under Iowa Code section 321.279(3).

The State contests error preservation, claiming Rosales's motion for judgment of acquittal "was perfunctory and generic, and did not articulate any specific ground or element the State failed to prove." We agree that Rosales failed to preserve error and decline to reach the merits of his sufficiency claims.

"To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) (citing *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996)). Thus as a rule, a generic motion for judgment of acquittal does not permit an element-specific challenge in this court. *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019); *see also Crone*, 545 N.W.2d at 270 (finding defense counsel's failure to "mention the 'threat' or 'anything of value' elements of the extortion charge in his motion" precluded Crone from challenging those specific grounds "for the first time on appeal").

But as with many rules, an exception exists. We will entertain the issue "when the record indicates that the grounds for [the] motion were obvious and understood by the trial court and counsel." *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005). The grounds are "obvious and understood" if the record shows that

only one element posed "the fighting issue." *Id.*; *see also State v. Dahlheimer*, No. 10-1311, 2011 WL 3115846, at *2 (Iowa Ct. App. July 27, 2011) (applying *Williams* exception because "Dahlheimer stipulated he was intoxicated; the only remaining element was proof of operating a motor vehicle").

At the close of the State's evidence, Rosales's attorney asserted:

> I would like to make a motion for acquittal for both counts. We believe that in the last day and a half, the State has not brought forward to you believable, credible and reliable evidence for a prima facie case for either of the two charges, so we ask that you consider, Your Honor, what you have been witnessing for the last day and a half and decide that—you know, and, please, we encourage you to decide in our favor that they didn't have enough credible, believable and competent evidence.

The defense motion did not identify any elements of the theft or eluding charges, let alone the specific elements that Rosales now claims lacked sufficient support in the record. And the elements contested by Rosales were not "obvious and understood" by counsel or the district court.

Rosales concedes his motion was "general" but insists that opposing counsel and the district court knew "the motion was directed at the elements of both charges." In other words, he claims the *Williams* exception enables us to reach his claim. First he points to the county attorney's resistance to his motion for judgment of acquittal:

> The State does believe that we have met each and every element for both counts through the testimony of the witnesses who took the witness stand and clearly identified the defendant as the driver of the stolen vehicle, as well as the officers who got up and testified about their pursuit and who all was involved there. We believe that especially in the light most favorable to the State, that this does generate a jury question on each and every count, and we would ask that you deny the Motion for Directed Verdict.

Then he highlights the court's ruling on the motion:

> I think a reasonable juror could find, based on the evidence brought
> forth, the defendant is guilty under Count 1 because the State
> produced the owner of the vehicle saying it was stolen, and two—I'm
> not sure if it was two or three officers that identified him . . . driving
> the stolen vehicle, and also, there was testimony that an officer was
> following him with his lights and sirens on. He didn't pull over, and
> based on the shadow car saying they were going sixty and seventy
> to try to catch up, a reasonable juror could conclude that he was
> driving over twenty-five miles an hour over the posted speed limit at
> the time he was eluding, so I'm going to deny the Motion for Directed
> Verdict on Count 1 and Count 2.

True, the court and opposing counsel did describe some elements of each crime.

But neither second-degree theft nor felony eluding is "a single-element crime."[3]

*State v. Vansickle*, No. 14-1991, 2016 WL 531066, at *2 (Iowa Ct. App. Feb. 10,

2016). Because Rosales did not stipulate to any elements under either offense,

we have no way of knowing whether the value of the stolen car or the speed limit

---

[3] The jury instructions stated:
 The State must prove all of the following elements of Theft:
 1. The Toyota Camry was stolen.
 2. On or about the 20th day of February 2019, [Rosales] exercised control over the Toyota Camry.
 3. The Toyota Camry is a motor vehicle.
 4. At the time, [Rosales] knew or had reasonable cause to believe such property had been stolen.
 5. [Rosales] did not intend to promptly return it to the owner or to deliver it to an appropriate public officer.
The instructions also stated:
 The State must prove all of the following elements of Eluding:
 1. On or about the 20th day of February, 2019, [Rosales] was driving a motor vehicle.
 2. [Rosales] willfully failed to bring the motor vehicle to a stop or otherwise eluded a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop.
 3. In doing so [Rosales] exceeded the speed limit by twenty-five miles per hour or more.
 4. At the time, [Rosales] was participating in the public offense of Theft in the Second Degree.

were the fighting issues at trial. *See Albright*, 925 N.W.2d at 151. In fact, the court's broad ruling suggests it was not clear which elements Rosales's attorney was challenging.

On this record, Rosales's generic motion for judgment of acquittal did not preserve error on the specific deficiencies he alleges for the first time on appeal. Unable to reach the merits of the sufficiency-of-the-evidence claim, we affirm Rosales's convictions for theft in the second degree and felony eluding.

**AFFIRMED.**